LINCOLN PARK DETENTION OFFICERS v CITY OF LINCOLN
PARK

1. Statutes—Construction of Statutes—Purposes and Policies of
Act.

Departure from the literal construction of a statute is justified
when such literal construction would produce an absurd and
unjust result and would be clearly inconsistent with the purposes and policies of the act in question.

2. Labor Relations—Arbitration and Award—Compulsory Arbitration—Statutes—Critical Public Employees.

Compulsory arbitration statutes are generally limited to critical
public employees.

3. Labor Relations—Arbitration and Award—Police and Fire
Departments—Statutes.

Statutory compulsory arbitration of labor disputes for employees
of a public police or fire department, except for emergency
medical service personnel, is limited to those employees who
are engaged as police officers or fire fighters or are subject to
the hazards thereof (MCLA 423.232; MSA 17.455[32]).

4. Judgment—Summary Judgment—Pleading—Court Rules.

A defendant's motion for summary judgment alleging that the
plaintiff failed to state a claim upon which relief could be
granted challenges the legal sufficiency of the plaintiff's claim
and is to be considered by an examination of the pleadings

References for Points in Headnotes

[1] 73 Am Jur 2d, Statutes §§ 272, 273, 276.

[2] 48 Am Jur 2d, Labor and Labor Relations § 1196.

[3] 48 Am Jur 2d, Labor and Labor Relations §§ 1196, 1251, 1257,
1401.
Validity and construction of statutes or ordinances providing for
arbitration of labor disputes involving public employees. 68
ALR3d 885.

[4] 73 Am Jur 2d, Summary Judgment § 17.

[5] 5 Am Jur 2d, Appeal and Error § 1053.
73 Am Jur 2d, Summary Judgment § 40

[6] 48 Am Jur 2d, Labor and Labor Relations § 1314.

alone; the trial court, in ruling on the motion, must accept as true the well pleaded facts contained in the pleadings (GCR 1963, 117.2[1]).

5. Appeal and Error—Judgment—Summary Judgment—Legal Sufficiency of Complaint.

The Court of Appeals considers only the legal sufficiency of the complaint when reviewing an order granting summary judgment and must reverse an order if the complaint could support a factual development justifying recovery.

6. Judgment—Summary Judgment—Labor Relations—Arbitration and Award—Detention Officers—Police Officers—Statutes.

A trial court properly granted summary judgment to a defendant city in an action to compel the city to enter into compulsory arbitration pursuant to statute brought by detention officers employed by the city's police department where the complaint failed to allege that the plaintiffs were police officers or were subject to the hazards of police officers (MCLA 423.232; MSA 17.455[32]).

Appeal from Wayne, Robert J. Colombo J. Submitted April 7, 1977, at Detroit. (Docket No. 28691.) Decided June 20, 1977.

Complaint by Lincoln Park Detention Officers, a voluntary association, against the City of Lincoln Park and Ida Temple, the city personnel director, to compel defendants to enter into compulsory arbitration on a proposed labor contract. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Richard C. McKnight,* for plaintiff.

*John A. Aloisi,* for defendant.

Before: Beasley, P. J., and J. H. Gillis and N. J. Kaufman, JJ.

J. H. Gillis, J. Plaintiff is a voluntary associa-

tion of two detention officers employed in the Lincoln Park Police Department.

The controversy herein arose prior to July 1, 1975 when attempts were initiated to bargain a labor contract on behalf of the detention officers with the City of Lincoln Park.

Preliminary administrative steps, including mediation at the direction of the Michigan Employment Relations Commission (MERC), produced no contract agreement. On November 17, 1975 and December 22, 1975 plaintiff made demands on defendants to submit to compulsory arbitration pursuant to the compulsory arbitration act (hereinafter referred to as act 312), MCLA 423.231 *et seq.;* MSA 17.455(31) *et seq.* Defendants refused, claiming that detention officers do not come within the purview of act 312. On January 16, 1976, plaintiff filed suit in Wayne County Circuit Court to compel defendants to enter into compulsory arbitration. Defendants filed a motion for summary judgment under GCR 1963, 117.2(1). The trial court granted defendants' motion for summary judgment and entered an order accordingly. Plaintiff appeals from that order as of right.

We must first determine who is covered under act 312 and then decide whether the trial court erred in granting summary judgment.

The pertinent sections of act 312 at the time that this suit was filed read:

"Sec. 1. It is the public policy of this state that in public police and fire departments, where the right of employees to strike is by law prohibited, it is requisite to the high morale of such employees and the efficient operation of such departments to afford an alternate, expeditious, effective and binding procedure for the resolution of disputes, and to that end the provisions of

this act, providing for compulsory arbitration, shall be liberally construed." MCLA 423.231; MSA 17.455(31).

"Sec. 2. Public police and fire departments means any department of a city, county, village or township having employees engaged as policemen or in fire fighting or subject to the hazards thereof."[1] MCLA 423.232; MSA 17.455(32).

"Sec. 3. Whenever in the course of mediation of a public police or fire department employee's dispute, the dispute has not been resolved to the agreement of both parties within 30 days of the submission of the dispute to mediation and fact-finding, or within such further additional periods to which the parties may agree, the employees or employer may initiate binding arbitration proceedings by prompt request therefor, in writing, to the other, with copy to the labor mediation board." MCLA 423.233; MSA 17.455(33).

Plaintiff contends that § 2 merely defines police and fire departments, that the act applies unqualifiedly to all employees of such departments, that the detention officers in Lincoln Park are police department employees, and that plaintiff, having

---

[1] MCLA 423.232; MSA 17.455(32) was amended by 1976 PA 203. It presently reads:

"Sec. 2. (1) Public police and fire departments means any department of a city, county, village, or township having employees engaged as policemen, or in fire fighting or subject to the hazards thereof, or emergency medical service personnel employed by a police or fire department.

"(2) Emergency medical service personnel for purposes of this act includes a person who provides assistance at dispatched or observed medical emergencies occurring outside a recognized medical facility including instances of heart attack, stroke, injury accidents, electrical accidents, drug overdoses, imminent childbirth, and other instances where there is the possibility of death or further injury; initiates stabilizing treatment or transportation of injured from the emergency site; and notifies police or interested departments of certain situations encountered including criminal matters, poisonings, and the report of contagious diseases.

"(3) This act shall not apply to persons employed by a private emergency medical service company who work under a contract with a governmental unit or personnel working in an emergency service organization whose duties are solely of an administrative or supporting nature and who are not otherwise qualified under subsection (2)."

complied with the administrative procedures of § 3, is entitled to compulsory arbitration. Defendants argue that § 2 defines the employees who are entitled to compulsory arbitration to be police officers and fire fighters and those subject to the hazards thereof, and that detention officers do not come within that definition and therefore do not qualify for act 312 compulsory arbitration.

This is a case of first impression. Thus far, the reported cases which have dealt with compulsory arbitration under act 312 have all involved either police officers or fire fighters. The only case which held act 312 to be inapplicable is *Ypsilanti Police Officers Association v Eastern Michigan University,* 62 Mich App 87; 233 NW2d 497 (1975). The issue in the *Ypsilanti* case involved the employer rather than the employee. The Court held that police officers who were employed by Eastern Michigan University and not by a municipal police department are not protected by act 312.

In attempting to construe the statute in question we are guided by the following rules of statutory construction:

"Although we may not usurp the law-making function of the legislature, the proper construction of a statute is a judicial function, and we are required to discover the legislative intent.

"Where, however, the language is of doubtful meaning, a reasonable construction must be given, looking to the purpose subserved thereby. Its occasion and necessity are matters of judicial concern, and its purpose should be effected if possible. Its spirit and purpose should prevail over its strict letter. Injustice in its application should be prevented, and absurd consequences avoided.

" * * * Resort may be had to other statutes relating to the same subject. Statutes *in pari materia* should be construed together, and the purpose of the legislature

ascertained." *Webster v Rotary Electric Steel Co,* 321 Mich 526, 531; 33 NW2d 69 (1948). (Citations omitted.)

Act 312 was enacted in 1969 as an experiment in response to a recommendation of the Governor's Advisory Committee on Public Employee Relations (February, 1967). *Dearborn Fire Fighters Union Local No 412, IAFF v City of Dearborn,* 394 Mich 229, 279; 231 NW2d 226 (1975). Its original expiration date of June 30, 1972 was extended to June 30, 1975. 1972 PA 27. In 1975, the expiration date was repealed and the act became permanent. 1975 PA 3. The report issued by the Governor's Committee specifically mentions police and fire fighters.[2] The statute as enacted is less clear.

A literal reading of the statute as it existed at the time of this suit favors plaintiff's interpretation. However, it must be remembered that "departure from the literal construction of a statute is justified when such construction would produce an absurd and unjust result and would be clearly inconsistent with the purposes and policies of the act in question. *Salas v Clements,* 399 Mich 103, 109; 247 NW2d 889 (1976). Additionally, the language of the act is not entirely free from ambigu-

---

[2] The following excerpt from the report is reprinted as quoted in *Dearborn Fire Fighters Union Local No 412, IAFF v City of Dearborn,* 394 Mich 229; 231 NW2d 226 (1975):

"The Governor's Advisory Committee on Public Employee Relations stated at pp 8, 9 of its report:

" '(4) In the case of police and firefighters all the procedures specified in (3) above (fact finding and mediation) should be applicable, except that the Case Panel's recommendations, with such modifications as it deems desirable after the "show cause" hearing, should be made binding. This procedure is suggested as one to be undertaken, as a matter of public policy, on an experimental basis, for a three-year period. We believe it would be in the public interest to experiment with compulsory determination in this limited area in order the better, ultimately, to be able to assess its virtues and deficiencies as a method of dispute settlement in the public sector. * * * ' " 394 Mich at 279, n 5.

ity. "Few words have a 'content so intrinsic' that their meaning does not become doubtful in the context of a particular question." *People v Mc-Farlin,* 389 Mich 557, 563; 208 NW2d 504 (1973). Defendants' interpretation can easily be derived from the language as the statute was written.

Our primary function is therefore to determine the legislative intent behind act 312. In Michigan, the public employees relations act (hereinafter referred to as PERA), MCLA 423.201 *et seq.;* MSA 17.455(1) *et seq.,* prohibits strikes by public employees. MCLA 423.202; MSA 17.455(2). Although prohibited in the public sector, illegal strikes may result from impasses in negotiations. Act 312 is to be read in conjunction with the PERA. MCLA 423.244; MSA 17.455(44). It provides an alternative to strikes for a limited group of public employees.

If plaintiff's interpretation of act 312 is utilized, any employee of a police or fire department, from janitor to secretary to police officer and fire fighter, is protected by the act. We do not perceive that the Legislature intended to give special protection to clerical workers of police and fire departments to the exclusion of other public employees. Compulsory arbitration statutes are generally limited to critical public employees. See McAvoy, *Binding Arbitration of Contract Terms: A New Approach to the Resolution of Disputes in the Public Sector,* 72 Colum L Rev 1192, 1194–1196 (1972), Comment, *Collective Bargaining for Public Employees and the Prevention of Strikes in the Public Sector,* 68 Mich L Rev 260, 280–281 (1969). Work stoppages by certain public employees, *e.g.,* police officers and fire fighters, can threaten the safety of the entire community, *Dearborn Fire Fighters Union Local No 412, IAFF v City of*

*Dearborn, supra,* at 247, 279, 293, and these statutes aim at preventing such work stoppages. Although it can be argued that a strike by noncritical police department employees could burden police officers with nonemergency duties, thereby adversely affecting the operation of the entire department and possible causing indirect harm to the public due to weaker patrols or overworked officers, we do not think that the act was meant to be so all-encompassing. Work stoppages by almost any group of public employees could theoretically cause an extra burden on the police department. For example, a strike by street and highway personnel could cause defective traffic lights to become unreported and force some police officers to shift to traffic directing duties thereby weakening other sections of the police force. We also point out that a similar argument was made and rejected in *Ypsilanti Police Officers Association v Eastern Michigan University, supra,* at 90. We therefore agree with defendants' interpretation of the scope of act 312 and hold that § 2 as it read at the time of this lawsuit limited compulsory arbitration to employees of police and fire departments who were engaged as police officers or fire fighters or subject to the hazards thereof.

The recent amendment to § 2, see fn. 1, *supra,* further buttresses our interpretation of the Legislature's intended scope of the act. The amendment adds emergency medical service personnel employed by police and fire departments to § 2 and then defines such emergency service. If plaintiff's interpretation of act 312 was correct, it would have been unnecessary for the Legislature to add and define specific employees entitled to compulsory arbitration as those individuals would have already had that right to compulsory arbitration

by virtue of their employment with the department.

We proceed to the question of whether the trial court erred in granting defendants' motion for summary judgment. Defendants' motion was brought pursuant to GCR 1963, 117.2(1), alleging that plaintiff failed to state a claim upon which relief could be granted. A motion brought under GCR 1963, 117.2(1) challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone. In ruling on the motion, the trial court must accept as true the well pleaded facts contained within the pleadings. Upon review, this Court is to consider only the legal sufficiency of the complaint and must reverse an order of summary judgment if the complaint could support a factual development justifying recovery.

In order for plaintiff to have a right to compulsory arbitration, detention officers must be either police officers or subject to the hazards of police officers. In essence, plaintiff's complaint states that detention officers are employed by the police department and that they perform many police duties although they are not line police officers. Plaintiff has failed to allege that they are police officers or subject to the hazards of police officers and we therefore affirm the trial court in granting summary judgment.

Affirmed. No costs, a public question being involved.