LANSING GENERAL HOSPITAL, OSTEOPATHIC v GOMEZ

Docket No. 55648. Submitted November 5, 1981, at Lansing.—Decided
    April 6, 1982. Leave to appeal applied for.
On May 28, 1977, Eugene Gomez and John Backus were injured
    in an automobile accident. The truck which Backus was driving
    and in which Gomez was riding was owned by and had been
    borrowed from Allen Ray Durham and was insured by Auto-
    Owners Insurance Company. The injuries to Gomez and Backus
    required them to be hospitalized at Lansing General Hospital,
    where they were treated for those injuries for 11 and 18 days
    respectively and incurred bills for such treatment of those
    injuries of $4,134.18 and $6,160.61 respectively. On May 31,
    1977, Durham orally notified his insurance agent about the
    accident. In turn, on June 2, 1977, the insurance agent pro-
    vided to Auto-Owners written notice of the accident, including
    the name of the insured, the fact that Backus was driving the
    automobile at the time of the accident and had suffered uniden-
    tified injuries, and the time and place of the accident. This
    notice did not name Gomez. Auto-Owners' files indicated that
    neither Gomez nor Backus ever informed it of the accident,
    either orally or in writing. On September 12, 1977, the hospi-
    tal's patient account manager spoke with an employee of Auto-
    Owners about the hospital's claim for medical services to

REFERENCES FOR POINTS IN HEADNOTES
[1, 6, 9, 10] 7 Am Jur 2d, Automobile Insurance § 461.
    Validity and construction of "no-fault" automobile insurance plans.
        42 ALR3d 229.
    Liability insurance: clause with respect to notice of accident or
        claim, etc., or with respect to forwarding suit papers. 18 ALR2d
        443.
[2] 7 Am Jur 2d, Automobile Insurance §§ 348, 369 et seq.
[3, 7] 7 Am Jur 2d, Automobile Insurance §§ 377-379.
[4] 73 Am Jur 2d, Statutes §§ 145, 146, 197.
[5] 73 Am Jur 2d, Statutes §§ 154-160, 275.
[6] 7 Am Jur 2d, Automobile Insurance § 369.
[8] 7 Am Jur 2d, Automobile Insurance §§ 367, 368.
[9, 10] 51 Am Jur 2d, Limitation of Actions § 470.
    Raising statute of limitations by motion for summary judgment. 61
        ALR2d 341.

Gomez and Backus and was informed that the claim could not be processed without written applications from Gomez and Backus and that Auto-Owners would attempt to locate Gomez and Backus. On December 31, 1977, the hospital sent copies of Gomez's and Backus's billing statements to the insurance agent, which forwarded the billing statements to Auto-Owners. On August 22, 1978, the hospital sent a letter to the Michigan Insurance Bureau seeking assistance in securing payment of the hospital bills from Auto-Owners. On September 19, 1978, Auto-Owners, in response to an inquiry from the Insurance Bureau, indicated to the Insurance Bureau that it would consider the claim of the hospital as soon as it received proof of the fact and the amount of the loss sustained. Auto-Owners further indicated that it had been unable to locate Backus and Gomez. On December 29, 1978, Auto-Owners informed the hospital that it was denying the hospital's claim on the basis that the one-year statutory limitation for making written application for benefits had expired. Lansing General Hospital brought in Ingham Circuit Court an action to recover the hospital charges incurred by Gomez and Backus against Gomez and Backus and against Auto-Owners Insurance Company. Auto-Owners moved for accelerated judgment on the basis that the limitation period contained in the personal protection benefits provision of the automobile no-fault act had expired. Ray C. Hotchkiss, J., granted Auto-Owners' motion. Plaintiff appeals. *Held:*

1. The failure of the injured parties to provide to the insurer written notice of their injuries and to seek recovery for their injuries should not defeat the derivative claim of the hospital under the unusual circumstances presented herein where neither the hospital nor the insurer has been able to locate the injured parties for whose treatment the hospital is claiming payment of the no-fault medical benefits. The actions of the hospital were in substantial compliance with the provisions of the no-fault statute relative to the filing of notice and a claim for payment and serve to satisfy such statutory provisions.

2. The failure of the insured to mention Gomez in the notice submitted to the insurer does not defeat a claim arising out of the injury to Gomez since the insurer had notice of the accident and the possibility of liability for personal protection benefits. There is no requirement that the notice show the precise extent of the insurer's liability.

3. The statute of limitations contained in the personal protection benefits provision of the no-fault automobile insurance act was tolled from the day the insured was given notice of the

claim until the day the insurer formally denied that claim. The hospital's action in circuit court was brought well within the remaining portion of the statutory one-year period of limitation after the denial of the claim by defendant insurer.

Reversed.

BRONSON, P.J., concurred in part and dissented in part. He concurred with the holding that, under these circumstances, the actions of the hosptial should serve as compliance with the notice provisions of the personal protection benefits section of the no-fault automobile insurance act. He, however, would hold that there is no tolling of the statute of limitations provision of that section of the act between the date of the filing of the claim and the rejection of the claim. The granting of accelerated judgment, however, was improper in the present case in that there were unresolved factual issues relating to the hospital's allegations that defendant insurer was estopped to deny the claims or waived the application of the statute of limitations by reason of its statements, representations or dilatory tactics.

## OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — LIMITATION OF ACTIONS.

   The one-year period in the automobile no-fault insurance act for commencing an action to recover personal protection benefits was intended as a limitation on actions for benefits arising under the no-fault act (MCL 500.3145[1]; MSA 24.13145[1]).

2. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — NOTICE OF LOSS — SUBSTANTIAL COMPLIANCE.

   Substantial compliance with the notice provision is sufficient to satisfy and consistent with the legislative purpose of the notice provision in the automobile no-fault insurance act relative to personal protection benefits as to a claim by one seeking recovery through the injured party where the injured party himself does not make a claim and cannot be found by either the claimant or the insurance company (MCL 500.3145[1]; MSA 24.13145[1]).

3. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — NOTICE OF LOSS.

   Oral notification by an insurance agent to an insurer of the occurrence of an accident and the possibility of a personal protection benefits claim constitutes substantial compliance with the notice provision in the personal protection benefits

section of the automobile no-fault insurance act; the failure to name a person having a potential personal protection benefits claim in such notice does not preclude recovery for medical expenses for such unnamed person, there being no requirement that the notice ·to the insurer show the precise extent of the insurer's liability (MCL 500.3145[1]; MSA 24.13145[1]).

4. STATUTES — COURTS — LEGISLATURE — JUDICIAL FUNCTIONS — LEGISLATIVE INTENT — JUDICIAL CONSTRUCTION.

Courts may not usurp the law-making function of the Legislature; however, statutory construction is a judicial function and courts are required to discover the legislative intent.

5. STATUTES — COURTS — JUDICIAL CONSTRUCTION.

A reasonable construction of a statute is necessary where its language is of doubtful meaning; courts must look to the purpose of a statute, which should be effected if possible; its occasion and necessity, its spirit and purpose should prevail over its strict letter; injustice in its application should be prevented and absurd consequences avoided.

6. INSURANCE — NO-FAULT INSURANCE — LIMITATION OF ACTIONS — NOTICE OF LOSS — DENIAL OF LIABILITY — TOLLING.

The running of the one-year statute of limitations for the commencement of actions under the automobile no-fault insurance act is tolled from the day an insured gives notice of loss until liability is formally denied by the company (MCL 500.3145; MSA 24.13145).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY BRONSON, P.J.

7. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — NOTICE OF LOSS.

*Oral notification by an insurance agent to an insurer of the occurrence of an accident and the possibility of a personal protection benefits claim constitutes substantial compliance with the notice provision in the personal protection benefits section of the automobile no-fault insurance act; the failure to name a person having a potential personal protection benefits claim in such notice does not preclude recovery for medical expenses for such unnamed person, there being no requirement that the notice to the insurer show the precise extent of the insurer's liability (MCL 500.3145[1]; MSA 24.13145[1]).*

8. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — LIMITATION OF ACTIONS.

*The limitation of actions provision contained in the personal*

protection benefits section of the automobile no-fault insurance act is unambiguous and limits a claimant's recovery to expenses incurred within one year prior to the date the claimant commences a lawsuit for recovery of personal protection benefits (MCL 500.3145[1]; MSA 24.13145[1]).

9. JUDGMENTS — ACCELERATED JUDGMENTS — ESTOPPEL — LIMITATION OF ACTIONS — INSURANCE.

A motion for accelerated judgment by an insurer should not be granted on the basis of the running of the statute of limitations where the plaintiff has claimed that the insurer should be estopped from denying liability by reason that the plaintiff relied to its detriment on representations by the insurer and its agents that benefits would be paid upon the filing of a proper application for benefits and there remains to be resolved material factual disputes relative to plaintiff's claim of detrimental reliance.

10. JUDGMENTS — ACCELERATED JUDGMENTS — LIMITATION OF ACTIONS — WAIVER — INSURANCE.

A motion for accelerated judgment by an insurer should not be granted on the basis of the running of the statute of limitations where the plaintiff has claimed that the insurer waived the defense of the statute of limitations by reason of the negotiations or dilatory tactics of the insurer which induced the plaintiff to forego the institution of a lawsuit until after the limitations period had expired and there remain to be resolved material factual disputes relative to the plaintiff's claim of waiver of the limitations defense.

*Hubbard, Fox, Thomas, White & Bengtson, P.C.* (by *Michael G. Woodworth*), for plaintiff.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *C. Mark Hoover* and *Iris K. Socolofsky*), for Auto-Owners Insurance Company.

Before: BRONSON, P.J., and T. M. BURNS and J. T. CORDEN,* JJ.

J. T. CORDEN, J. Plaintiff, Lansing General Hospital, appeals as of right from an Ingham County

* Circuit judge, sitting on the Court of Appeals by assignment.

Circuit Court opinion and order granting an accelerated judgment to defendant Auto-Owners Insurance Company based on the statute of limitations provision contained in the personal protection benefits section of the automobile no-fault insurance act, MCL 500.3145(1); MSA 24.13145(1).

On May 28, 1977, defendants Eugene Gomez and John Backus were injured in a motor vehicle accident in Lansing. Another passenger was killed in the accident. The truck in which they were riding was the only vehicle involved in the accident. Defendants Gomez and Backus had borrowed the truck from its owner, Allen Ray Durham. At the time of the accident, the truck was insured by defendant Auto-Owners. Following the accident, defendants Gomez and Backus were transported to Lansing General Hospital for medical care. Defendant Gomez was hospitalized for 11 days and incurred a bill of $4,134.18. Defendant Backus was hospitalized for 18 days and incurred a bill of $6,160.61.

On May 31, 1977, Durham, the policyholder, orally notified his insurance agent, the Doty Agency, about the accident. The insurance agent provided written notice to defendant Auto-Owners on June 2, 1977. The written notice indicated the name of the insured, the time and place of the accident, and that the driver, John Backus, had suffered unidentified injuries. The notice did not contain the name of Eugene Gomez. Auto-Owners' files indicated that neither Eugene Gomez nor John Backus ever informed it of the accident, either orally or in writing.

On September 12, 1977, Robert Wohlfert, the patient account manager for the plaintiff, spoke with an Auto-Owners employee about the plaintiff's claim. The employee told Wohlfert that the

claim could not be processed without written applications from defendants Backus and Gomez and the defendant Auto-Owners would attempt to locate them. On December 31, 1977, the plaintiff sent copies of Gomez's and Backus's billing statements to the Doty Insurance Agency. The Doty Agency then forwarded the billing statements to defendant Auto-Owners. On January 11, 1978, an Auto-Owners representative spoke to the truck's owner, Allen Durham. Plaintiff called Auto-Owners several times. According to Wohlfert's affidavit, on February 13, 1978, he discovered that defendant John Backus had been readmitted to Lansing General Hospital. He informed an employee of Auto-Owners of this fact and invited him to the hospital in order to obtain a claims application from Backus. There is nothing in the record which indicates that any action was taken on the basis of this information.

On August 28, 1978, Wohlfert sent a letter to the Michigan Insurance Bureau seeking assistance in securing payment from defendant Auto-Owners. The insurance bureau sent a letter to defendant Auto-Owners on September 11, 1978. On September 19, 1978, D. A. Lubbers, the manager of defendant Auto-Owners' Lansing claims office, sent a letter to the insurance bureau which indicated that Auto-Owners would consider the claim of Lansing General Hospital as soon as it received proof of the fact and the amount of the loss sustained. The letter also indicated that Auto-Owners had been unable to locate Backus and Gomez.

On December 29, 1978, defendant Auto-Owners sent a letter to the plaintiff's attorney formally denying the plaintiff's claim on the basis that the one-year limitation period for making the written application for benefits had expired.

The plaintiff commenced this action in Ingham County Circuit Court on September 10, 1979. Defendant Auto-Owners' motion for accelerated judgment was granted on the basis of the statute of limitations provision contained in the personal protection benefits section of the automobile no-fault insurance act, MCL 500.3145(1); MSA 24.13145(1).

On appeal, plaintiff argues that its cause of action against Auto-Owners is not barred by the statute of limitations for three reasons. First, plaintiff argues that the limitations period was tolled from September 12, 1977, the date the hospital's account manager first spoke with Auto-Owners, until December 19, 1978, when Auto-Owners denied liability. If the statute of limitations were tolled in this fashion the one-year limitation period would not have expired at the time plaintiff commenced this action. Plaintiff also argues that the defendant waived the statutory requirement for *written* notice and its ability to rely on noncompliance with the statute of limitations provision by embarking upon an "assessment of liability" and by communicating the pendency of that assessment to the plaintiff. Finally, plaintiff argues that defendant should be estopped from asserting the statute of limitations as a defense by its representations to plaintiff as to the validity of plaintiff's claim.

We will deal first with the question whether the statute of limitations had been tolled for a sufficient length of time so that the one-year period had not expired at the time plaintiff commenced this action. MCL 500.3145(1); MSA 24.13145(1) provides:

"(1) An action for recovery of personal protection

insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

This was intended as a limitation on actions for personal injury benefits arising under the automobile no-fault insurance act and not merely as a notice provision. *Davis v Farmers Ins Co,* 86 Mich App 45; 272 NW2d 334 (1978). The claimant can extend the one-year statute of limitations period for up to one additional year by giving notice.

In this case, plaintiff's action clearly was not filed within one year of the accident. We must, therefore, examine the record to see if plaintiff was entitled to any extension or suspension of the limitations period.

The injured persons involved in this case never provided defendant Auto-Owners with written notice of injury. Under the rather bizarre facts of this case, however, we believe that strict adherence to the statutory notice requirement should not be required. It is a rare case where the injured

persons do not seek recovery for their injuries, but that is the situation in this case. Indeed, according to the record, Backus and Gomez seem to have mysteriously disappeared and could not be found by either party. Defendant Auto-Owners assured the plaintiff that it would attempt to locate these men but it appears that Auto-Owners did not succeed. The drafters of the automobile no-fault insurance act undoubtedly did not anticipate the situation where injured claimants would not come forward and seek recovery for their losses. In such an uncommon situation, however, we believe that substantial compliance with the written notice provision of MCL 500.3145(1); MSA 24.13145(1) is sufficient and is consistent with the purpose of the automobile no-fault insurance act. See *Dozier v State Farm Mutual Automobile Ins Co*, 95 Mich App 121; 290 NW2d 408 (1980).

Having excused the absence of written notices by Backus and Gomez we must ascertain when defendant Auto-Owners was supplied with legally sufficient notice of the accident. On May 31, 1977, three days after the truck accident, Durham, the policyholder and owner of the vehicle, notified his insurance agency of the accident. On June 2, 1977, the agency gave defendant Auto-Owners written notification of the accident. This notification indicated the name of the insured, the time and place of the accident, and that the driver, Backus, had suffered unidentified injuries. The notification did not anywhere indicate the name of Gomez. The circumstances of this notification are remarkably similar to those in *Walden v Auto-Owners Ins Co*, 105 Mich App 528, 531-534; 307 NW2d 367 (1981), where we found the notice to be sufficient:

"The issue as framed, argued and decided by the lower court was whether, as a matter of law, oral notice

by a claimant to an agent, even if immediately and consequently embodied into written form by the agent and transmitted to the insurer, is legally insufficient to satisfy the statutory requirement that written notice be given to the insurer by the claimant or by someone in his behalf. In short, the defendant requested that the trial court totally ignore the 'Auto Accident Notice' as ineffective to give the requisite written notice, not because it was incomplete as to the personal injury section but, rather, because it was completed by the agent and not by the plaintiff.

"We disagree. In our opinion this is an unnecessary, overly technical, literal construction and application of the notice provision of § 3145(1).

\* \* \*

"This single statutory provision has been construed to be both a notice provision and a limitation of action provision. *Dozier v State Farm Mutual Automobile Ins Co,* 95 Mich App 121, 128; 290 NW2d 408 (1980), *Davis v Farmer Ins Group,* 86 Mich App 45; 272 NW2d 334 (1978), *lv den* 406 Mich 868 (1979). The purpose of the statute of limitation is to compel action within a reasonable time so the opposing party has a fair opportunity to defend, to protect against stale claims, and to protect defendants from protracted fear of litigation. The purpose of the notice provision is to provide time for the defendant to investigate and to appropriate funds for settlement. *Dozier, supra,* 128.

"In light of the above objectives, we fail to discern any logical nexus between who literally transcribed the report into written form and the attainment of these objectives. The ultimate goal is that the insurer receives written notice within the year following the accident. The notice requirement is not intended to snare unwary litigants who have in good faith relied upon their agent. We detect neither a violation of the letter nor spirit of the provision by the agent being the 'someone in his [claimant's] behalf' who actually prepares the written notice based upon the claimant's oral recital of the facts. To rule that, as a matter of law, the agent is precluded from providing the written notice on behalf of the claimant to the insurer creates unnecessary traps

and runs counter to the legislative intent to provide the insurer with adequate compensation. *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629, 634; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979)." (Footnote omitted.)

We follow the *Walden* holding and find that notice by the insurance agent was sufficient notice.[1] We note that the failure to name Gomez in the report does not preclude recovery for his medical expenses. The written notification described the time and the place of the accident. This was sufficient to provide time for defendant Auto-Owners to investigate the accident. Defendant Auto-Owners was later apprised of Gomez's injuries through its conversations with the hospital. It is not required that the insurer know the precise extent of its liability at the earliest stages of its investigation.

Even if the limitation period were expanded to one year after the date of written notification, *i.e.,* to June 2, 1978, the limitation period would have ended well over a year before plaintiff commenced this action on September 10, 1979. In *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629, 633-635; 270 NW2d 670 (1978), however, this Court held that the running of the one-year statute of limitations was tolled from the day plaintiff gave notice until liability was formally denied by the defendant insurer. We recognize that this is a minority position in this jurisdiction.[2] Nevertheless, we believe that *Richards* represents the better view.

[1] *Contra, Burns v Auto-Owners Ins Co,* 88 Mich App 663; 279 NW2d 43 (1979).

[2] See *English v Home Ins Co,* 112 Mich App 468; 316 NW2d 463 (1982), *Allstate Ins Co v Frankenmuth Mutual Ins Co,* 111 Mich App 617; 314 NW2d 711 (1981), *Wolar v State Farm Mutual Automobile Ins Co,* 111 Mich App 152; 314 NW2d 460 (1981), *Aldrich v Auto-Owners Ins Co,* 106 Mich App 83; 307 NW2d 736 (1981).

"In construing legislative enactments, the courts are guided by certain rules of statutory construction:

" ' "Although we may not usurp the law-making function of the legislature, the proper construction of a statute is a judicial function, and we are required to discover the legislative intent.

" ' "Where, however, the language is of doubtful meaning, a reasonable construction must be given, looking to the purpose subserved thereby. Its occasion and necessity are matters of judicial concern, and its purpose should be effected if possible. Its spirit and purpose should prevail over its strict letter. Injustice in its application should be prevented, and absurd consequences avoided." ' *Lincoln Park Detention Officers v Lincoln Park,* 76 Mich App 358, 362; 256 NW2d 593 (1977).

"Thus, § 3145 must be construed in accordance with the Legislature's purpose in enacting no-fault insurance, *i.e.,* that persons injured in automobile accidents be promptly and adequately compensated for their losses arising out of the motor vehicle mishap. *Shavers v Attorney General,* 65 Mich App 355, 370; 237 NW2d 325 (1975), *aff'd in part* 402 Mich 554 (1977). See also MCL 500.3142(2); MSA 24.13142(2).

"If we were to accept defendant's interpretation of the statutory provision, we would in effect be penalizing the insured for the time the insurance company used to assess its liability. To bar the claimant from judicial enforcement of his insurance contract rights because the insurance company has unduly delayed in denying its liability would run counter to the Legislature's intent to provide the insured with prompt and adequate compensation.

"In *Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588, 591, 594; 242 NW2d 396 (1976), the Supreme Court sought to resolve a similar problem. The case involved a provision in a policy of insurance which limited the time for bringing suit. Justice LEVIN, writing for the majority of the Court, held as follows:

" 'The running of the period of limitation was tolled from the date Tom Thomas gave notice of loss until liability was formally denied by Reliance.

\* \* \*

" ' "In this manner, the literal language of the limitation provision is given effect; the insured is not penalized for the time consumed by the company while it pursues its contractual and statutory rights to have a proof of loss, call the insured in for examination, and consider what amount to pay; and *the central idea of the limitation provision is preserved since an insured will have only 12 months to institute suit.*" [*Peloso v Hartford Fire Ins Co,* 56 NJ 514; 267 A2d 498 (1970)].' (Emphasis added.)

"Applying the approach taken by the *Thomas* Court to § 3145 would effectuate the legislative intent in enacting the no-fault act. Unable to profit from processing delays, insurance companies will be encouraged to promptly assess their liability and to notify the insured of their decision. At the same time, the insured will have a full year in which to bring suit."

Applying the tolling rule as set out in *Richards, supra,* we note that five days passed from the day of the accident until the insurance company received written notification. Thus, the plaintiff had 360 days to commence its action against the defendant after the defendant formally denied liability. The formal denial of liability by the defendant took place on December 29, 1978. Plaintiff was well within the 360-day period when it filed suit on September 10, 1979. Therefore, we reverse the accelerated judgment granted in favor of defendant Auto-Owners.

Our holding with respect to the application of the one-year limitation period makes unnecessary any discussion of equitable estoppel and waiver theories.

The trial court's grant of accelerated judgment in favor of defendant Auto-Owners is reversed and plaintiff's cause of action is reinstated.

T. M. BURNS, J., concurred.

BRONSON, P.J. *(dissenting in part, concurring in part).* I agree with the majority that this matter should be reversed and plaintiff's cause of action reinstated. I also concur with the majority's holding that *Walden v Auto-Owners Ins Co,* 105 Mich App 528; 307 NW2d 367 (1981), is applicable to this case. I disagree, however, with the majority's resolution of the tolling issue.

There is currently a split of authority on this Court over the issue of whether the limitation period embodied in MCL 500.3145(1); MSA 24.13145(1) is tolled until the insurer formally denies benefits to the party seeking them. The two lead cases are *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979), holding that the limitations period is tolled, and *Aldrich v Auto-Owners Ins Co,* 106 Mich App 83; 307 NW2d 736 (1981), holding to the contrary.

While I am sympathetic to the majority's desire to avoid a somewhat unpalatable result in this case, I agree with the *Aldrich* Court that the *Richards* decision undercuts the important policy of encouraging claimants to proceed on no-fault claims in a timely manner. I specifically rely on the following excerpt from *Aldrich* as expressing my opinion on this issue:

"The *Richards* panel held that the no-fault time bar is tolled from the date an insured gives notice of loss until the date of formal denial of liability by the insurance company. Under *Richards,* therefore, the permissible period of recovery runs, apparently, from one year prior to the commencement of the action only if there is no hiatus between the giving of notice of loss by the

insured and the denial of liability by the insurance company. This seems to us contrary to the plain language of the statute and results in impermissible judicial legislation. We believe the statutory language is unambiguous and see no need for departing from the literal interpretation. See *Becker v Detroit Savings Bank,* 269 Mich 432, 436; 257 NW 853 (1934).

"In construing the statute to include a tolling provision the *Richards* Court stated:

" 'Thus, § 3145 must be construed in accordance with the Legislature's purpose in enacting no-fault insurance, *i.e.,* that persons injured in automobile accidents be promptly and adequately compensated for their losses arising out of the motor vehicle mishap. *Shavers v Attorney General,* 65 Mich App 355, 370; 237 NW2d 325 (1975), *aff'd in part* 402 Mich 554 (1977). See also MCL 500.3142(2); MSA 24.13142(2).

" 'If we were to accept defendant's interpretation of the statutory provision, we would in effect be penalizing the insured for the time the insurance company used to assess its liability. To bar the claimant from judicial enforcement of his insurance contract rights because the insurance company has unduly delayed in denying its liability would run counter to the Legislature's intent to provide the insured with prompt and adequate compensation.' 84 Mich App 629, 634.

"If one of the purposes behind the quoted provision of the act is to encourage claimants to commence their actions in a timely fashion, *cf. Davis v Farmers Ins Group Cos,* 86 Mich App 45; 272 NW2d 334 (1978), it should not encourage procrastination by either party by undercutting such policy. The insured is not barred from seeking judicial enforcement of his claim and we have heard no argument in favor of a declaration of public policy to the effect that resort to the courts is an unacceptable or undesirable alternative." *Id.,* 86-87.

This is the second time I've been directly confronted with the question of whether *Richards* or *Aldrich* represents the more persuasive statutory construction, and I continue to adhere to the posi-

tion I took in *English v Home Ins Co,* 112 Mich App 468; 316 NW2d 463 (1982).[1]

Despite the foregoing, I would allow plaintiff to attempt to establish its claim of equitable estoppel against defendant insurance company (hereinafter defendant). To establish an equitable estoppel, plaintiff must show that defendant, by words, conduct or inaction, induced plaintiff to believe a certain factual situation existed and that plaintiff justifiably relied on defendant's words, conduct or inaction to its detriment. *Starboard Tack Corp v Meister,* 103 Mich App 557, 564; 303 NW2d 38 (1981), and cases cited therein. Plaintiff asserts that its agents were led to believe by defendant that it would pay plaintiff's claim if a request for payment was submitted by John Backus and Eugene Gomez, the injured persons. Plaintiff further contends that it justifiably relied on numerous representations made by defendant that the claim would be paid if a proper application for benefits was filed. Plaintiff finally states that it reasonably relied upon defendant's representations and accordingly refrained from instituting legal proceedings. Although defendant's scenario of events is somewhat different, accelerated judgment should not have been granted in defendant's favor since a material factual dispute remains to be resolved.[2]

Plaintiff also asserts that defendant waived the

---

[1] In *Walden, supra,* the majority opinion, in which I concurred, cites *Richards.* This citation, however, was not for the proposition that *Richards* correctly resolved the statute of limitations issue posed here. In *Wolar v State Farm Mutual Automobile Ins Co,* 111 Mich App 152; 314 NW2d 460 (1981), I concurred in an opinion which, although applying *Aldrich,* left open the possibility that, in cases with "factual patterns akin to *Richards",* I might decline to follow the rule of *Aldrich.* I now expressly disavow any intention of following the rationale of *Richards* in any case. I do believe, however, that the result reached in *Richards* may well have been possible on grounds which I personally would find persuasive.

[2] The lower court's reason for rejecting the equitable estoppel argument is that plaintiff still had five months within which to file suit after defendant denied liability and to be in compliance with

statute of limitations defense, relying on *Better Valu Homes, Inc v Preferred Mutual Ins Co*, 60 Mich App 315, 318; 230 NW2d 412 (1975). There, this Court held that, where an insurer engages in negotiations or dilatory tactics to induce the insured to forego suit until after the limitations period has expired, the limitations defense will be deemed waived. Upon review of the facts of *Better Valu Homes* and the authorities cited therein, I am convinced that a question of fact remains relative to this issue as well.[3]

Defendant argues that allowing either an estoppel or waiver claim to be presented in this case constitutes the essential destruction of the no-fault act's limitations period. This is a view with which I cannot agree. An insurer can virtually eliminate any waiver or estoppel argument on facts such as are presented here simply by providing oral or written notice to the party claiming benefits that it intends to assert the statute of limitations defense if it becomes legally viable and that any requests for further information, negotiations, or investigation is not to be deemed a waiver of the right to assert the statute of limitations defense.[4]

---

MCL 500.3145(1); MSA 24.13145(1). The circuit court's decision, however, is premised on the applicability of *Richards* and no effective notice of claim being provided by plaintiff to the insurer until December 31, 1977. I reject both premises of the lower court's syllogism. As such, I also reject the circuit court's conclusion. I would allow defendant to argue to the jury, however, that the five-month delay from the denial of the claim to the commencement of suit was unreasonable so that the real cause of plaintiff's detriment was its own procrastination.

[3] In this case, there is little difference between the estoppel and waiver arguments. Both theories are supported by plaintiff's agent's declarations that defendant's agents continually represented that the claim would be paid if Gomez and Backus filed appropriate applications.

[4] Obviously written notice would provide an insurer with more protection than oral notice. Where the declaration is not reduced to writing, faulty memory, neglect in actually stating that the statute of limitations defense will be asserted if possible, and outright prevarica-

PARTIAL CONCURRENCE BY BRONSON, P.J.

I concur in reversal in this case, but not on the grounds advanced by the majority.

tion enter the picture and leave open the continuing possibility of genuine issues of material fact not being eliminated.