DAVIS v FARMERS INSURANCE GROUP

Docket No. 77-1467. Submitted June 22, 1978, at Detroit.—Decided
    September 21, 1978.

Bobby J. Davis commenced an action against Farmers Insurance
    Group of Companies to recover benefits under a policy of
    insurance issued to him by the defendant for injuries sustained
    in a motorcycle accident. The defendant brought a motion for
    accelerated judgment on grounds that the claim was barred by
    the applicable statute of limitations because the plaintiff had
    not filed the complaint within one year of the accident, and had
    neither received payment from the insurer of personal protec-
    tion insurance benefits for the injury, nor given notice to the
    insurer of the injury within one year after the accident. The
    defendant's motion was denied, Wayne Circuit Court, James N.
    Canham, J. The defendant appeals by leave granted. Held:

    The plaintiff's claim was subject to a one year statute of
    limitations and, as he had not commenced the action, had not
    given notice to the insurer and had not received payment of
    benefits from the insurer for the injury within one year of the
    accident, the claim was barred. The defendant was entitled to
    accelerated judgment.

    Reversed and complaint dismissed.

1. NOTICE—LIMITATION OF ACTIONS—STATUTES OF LIMITATION.
    Notice provisions have different objectives than statutes of limita-
    tion; notice provisions are designed, *inter alia,* to provide time
    to investigate and to appropriate funds for settlement purposes;
    statutes of limitation are intended to prevent stale claims and
    to put an end to fear of litigation.

2. AUTOMOBILES—INSURANCE—NO-FAULT INSURANCE—PERSONAL PRO-
    TECTION BENEFITS—ONE-YEAR PERIOD—STATUTE OF LIMITATION.
    A portion of the no-fault automobile insurance act which provides
    that certain actions for recovery of personal protection benefits

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions § 17.
    58 Am Jur 2d, Notice §§ 8–11.
[2] 7 Am Jur 2d, Automobile Insurance § 223.

for accidental bodily injury may not be commenced later than one year after the date of the accident causing the injury, unless written notice of the injury has been given to the insurer within one year after the accident, or unless the insurer has previously made a payment of personal protection insurance benefits for the injury, is a one-year statute of limitations with a provision enabling claimants to extend the period for up to one additional year by giving notice; therefore, where a plaintiff neither filed a complaint, nor gave notice, nor received payments within the one-year period, the plaintiff was barred from later presenting his claim and a defendant's motion for accelerated judgment should have been granted (MCL 500.3145[1]); MSA 24.13145[1]).

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.,* for plaintiff.

*Silber, Katz, Bocknek & Schreier, P.C.,* for defendant.

Before: D.C. RILEY, P.J., and M.F. CAVANAGH and B.M. HENSICK,* JJ.

PER CURIAM. Plaintiff brought this action to recover benefits under a policy of insurance issued to him by defendant, for injuries sustained in a motorcycle accident. Defendant brought a motion for accelerated judgment under GCR 1963, 116.1(5), on grounds that the claim was barred by the applicable statute of limitations. The trial court denied the motion, and defendant brings this appeal by leave of the Court.

The decision of this case depends upon an interpretation of a section of the no-fault insurance statute, MCL 500.3145(1); MSA 24.13145(1), which provides:

"(1) An action for recovery of personal protection insurance benefits payable under this chapter for acci-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

Plaintiff contends that the quoted section is not a limitation of actions provision, but rather a notice provision and therefore constitutes a bar to this action only if defendant establishes that it was prejudiced by the lack of notice, citing *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973).

We disagree. Notice provisions have different objectives than statutes of limitation. Notice provisions are designed, *inter alia,* to provide time to investigate and to appropriate funds for settlement purposes. Statutes of limitation are intended to prevent stale claims and to put an end to fear of litigation. *Dillon v Tamminga #1,* 64 Mich App 301; 236 NW2d 716 (1975).

In *Dolson v Secretary of State,* 83 Mich App 596; 269 NW2d 239 (1978), we dealt with the time limitation for recovery of personal protection insurance benefits claimed through an assigned claims plan, embodied in MCL 500.3174; MSA

24.13174. The time limitation contained in that section is determined by applying MCL 500.3145(1); MSA 24.13145(1), which provision is involved in the instant case. We concluded in *Dolson* that the specific objective of the time limitation is to insure that claims be settled while the evidence remains fresh. This objective is characteristic of a statute of limitation.

In the case at bar, the language of the statute was intended as a limitation on actions for personal benefits arising under the no-fault act, with a mechanism for extending the one-year period upon filing of notice within the year. There is no requirement that plaintiff file notice in order to be able to take advantage of the full statutory period. That he is entitled to in any case. Notice simply gives him the benefit of an additional year's grace.

The statute construed in *Carver, supra,* by contrast, contained a three-year period of limitations for filing lawsuits, with an additional provision that failure to file notice of intent to claim within six months of the accrual of the cause of action also barred the claim, MCL 257.1118; MSA 9.2818. Unlike the statute involved in *Carver,* the provision involved herein does not unduly restrict access to the courts. Its effect is to encourage those with a claim against their insurance company to bring the matter to court while it is fresh. It differs from statutory notice provisions which trap unwary litigants who have claims which are brought within the time limited, but without proper notice.

Thus, we conclude that MCL 500.3145(1); MSA 24.13145(1) is a one-year statute of limitations, with a provision enabling claimants to extend the period for up to one additional year by giving

notice. Plaintiff having neither filed a complaint nor given notice within the one-year period, is barred from now presenting his claim. The motion for accelerated judgment should have been granted.

Accordingly, we reverse the trial court and dismiss plaintiff's complaint.

Costs to appellant.