LORANGER v CITIZENS MUTUAL INSURANCE COMPANY

Docket No. 48389. Submitted June 19, 1980, at Lansing.—Decided October 8, 1980.

Earl F. Loranger was driving his employer's truck when he was involved in an accident and was injured. The employer's truck was insured by Royal Globe Insurance Company and Loranger's personal vehicle was insured by Citizens Mutual Insurance Company. When both insurers refused payment of personal injury protection benefits, Loranger brought an action against both insurers, seeking a declaratory judgment determining which insurer was responsible for paying benefits. Defendant Royal Globe moved for an accelerated judgment, claiming that service of the summons and complaint was defective and that plaintiff failed to provide written notice of the injury within the statutory one-year time limit. The Genesee Circuit Court, Thomas C. Yeotis, J., granted the motion and dismissed Royal Globe. Plaintiff appeals. *Held:*

The trial court's finding that the plaintiff failed to provide Royal Globe with the requisite notice within one year of the accident was not clearly erroneous and, therefore, will not be set aside.

Affirmed.

1. APPEAL — ISSUES RAISED BY APPELLEE — PRESERVING QUESTION.

The Court of Appeals is precluded from reviewing an issue raised by an appellee where the trial court ruled in the appellant's favor on the issue and the appellee failed to file a cross-appeal on the issue.

2. APPEAL — FINDINGS OF FACT — CLEAR ERROR.

A trial court's finding of fact will not be set aside by the Court of Appeals where that finding is not clearly erroneous.

*Keller & Avadenka, P.C.,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 707.
[2] 5 Am Jur 2d, Appeal and Error § 674.

*Smith & Brooker, P.C.* (by *Patrick M. Kirby),* for defendant Royal Globe Insurance Company.

Before: M. F. Cavanagh, P.J., and D. E. Holbrook, Jr., and J. H. Piercey,* JJ.

Per Curiam. Plaintiff was involved in an accident on January 28, 1977, while driving a truck in the course of his employment for Chevrolet Motor Division of General Motors Corporation. His employer's truck was insured by defendant Royal Globe Insurance Company. At the time of the accident, plaintiff's private vehicle was insured by defendant Citizens Mutual Insurance Company.

Plaintiff requested payment of benefits from both defendants under the personal injury protection provisions in each no-fault insurance policy. Both defendants refused payment. Plaintiff filed a complaint for declaratory relief in Genesee County Circuit Court July 2, 1979, for a determination of which of the two defendants was responsible for providing him with personal protection insurance benefits from the date of the accident, plus attorney fees.

Service of the summons and complaint were made upon defendant Royal Globe by leaving a summons and a copy of the complaint with an employee of Royal Globe's Flint claims office on July 9, 1979.

Defendant Royal Globe filed a motion for accelerated judgment on July 18, 1979, pursuant to GCR 1963, 116.1(5), stating that the service of the summons and complaint upon its agent at its Flint office was not in compliance with GCR 1963, 105.4, which requires service by delivery or registered mail to the commissioner of insurance of two

---

* Circuit judge, sitting on the Court of Appeals by assignment.

summonses and a copy of the complaint. Royal Globe asserted that plaintiff failed to provide it with written notice of the injury within one year following the date of the truck accident and that plaintiff's action was barred by § 3145(1) of the no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

Defendant Royal Globe filed an affidavit of the manager of its Flint claims office who averred that, from personal knowledge and a review of the company records and files, he was unable to recall or find any record of a written notice of injury and claim for personal insurance protection benefits from the plaintiff. The manager stated that Royal Globe's first notice of plaintiff's claim was the summons and complaint served on July 9, 1979.

Plaintiff filed no counter affidavits. Shortly before the hearing on the motion, defendant Royal Globe's counsel was shown a carbon copy of a letter plaintiff's counsel said was mailed to defendant on December 13, 1977, claiming personal protection benefits for plaintiff. Plaintiff's counsel read the contents of this letter into the record at the hearing. Defendant Royal Globe denied having received the letter, and argued that service was defective under GCR 1963, 105.4 and that plaintiff's action was barred by § 3145(1) of the no-fault act.

The trial court granted defendant Royal Globe's motion for accelerated judgment and dismissal of Royal Globe from plaintiff's suit. Plaintiff appeals the trial court's grant of the defendant's motion. Defendant Citizens Mutual takes no part in this appeal.

Defendant Royal Globe argues that the motion for accelerated judgment was properly granted because the method of service of the summons and

complaint was defective under GCR 1963, 105.4. We are precluded from reviewing this issue because the trial court ruled in plaintiff's favor on this issue, and defendant-appellee failed to file a cross-appeal on this issue.

Plaintiff relies on the letter dated December 13, 1977, which he claims was mailed to defendant, to avoid § 3145(1)'s bar to the action. MCL 500.3145(1); MSA 24.13145(1) requires:

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury."

The trial court heard plaintiff's argument that the letter claiming benefits and giving defendant notice was mailed to defendant within one year from the date of the accident. Defendant denied receipt of the letter. the trial court determined that the notice required by MCL 500.3145(1); MSA 24.13145(1) was not given and so the action was barred. This determination by the court was not clearly erroneous and so will not be set aside by this Court.

Affirmed. Costs to appellee Royal Globe.