WALDEN v AUTO OWNERS INSURANCE COMPANY

Docket No. 47157. Submitted January 14, 1981, at Detroit.—Decided April 21, 1981.

Matt Walden was involved in an automobile collision. He was insured by Auto Owners Insurance Company. He reported the accident immediately to his insurance agent and the agency completed a notice form and submitted it to the insurer. There was no indication of injury on this form. Walden later developed back pain. Walden alleges that he contacted the agent several times and that he was misinformed as to his personal protection benefits. The agent contends that he had no knowledge of Walden's injury until more than a year after the accident. Auto Owners subsequently denied payment of personal protection benefits based upon Walden's failure to given written notice of injury within one year of the accident. Walden then brought an action against Auto Owners, which sought and was granted summary judgment, Wayne Circuit Court, Michael L. Stacey, J. Walden appeals. *Held:*

1. The written notice requirement of the no-fault statute does not, as a matter of law, preclude an insurance agent from providing the notice to the insurer on the behalf of the claimant.

2. The form submitted by the agent was not fatally defective to give notice of the injury because the section of the form used to indicate injuries was left blank. Substantial compliance will suffice to give written notice. The question of whether there was substantial compliance should first be addressed by the trial court.

3. The record reveals numerous disputed factual issues regarding whether and how Walden gave notice of the injury to the agent. These issues should be resolved by the trial court.

4. The defendant's motion should have been one for accelerated judgment rather than for summary judgment but, because

References for Points in Headnotes

[1-3] 7 Am Jur 2d (Rev), Automobile Insurance § 369 *et seq.*
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

there was no prejudice resulting from the incorrectly labeled motion, reversal is not granted on that ground.

Reversed, the cause of action to be reinstated.

BASHARA, J., dissented. He would hold that the issue in the case is whether or not oral notice of personal injury is sufficient to override the statutory requirement of written notice and would further hold that the trial court's conclusion that oral notice is not sufficient was not clearly erronéous. He would affirm.

### OPINION OF THE COURT

1. INSURANCE — No-FAULT INSURANCE — NOTICE — LIMITATION OF ACTIONS — STATUTES.

The provision in the no-fault automobile insurance statute which bars an action for recovery of personal protection insurance benefits unless the insurer is provided with written notice of the injury within one year of the accident is both a notice provision and a limitation of action provision; the purpose of the limitation of action is to compel action within a reasonable time so the opposing party has a fair opportunity to defend, to protect against stale claims and to protect defendant from protracted fear of litigation, and the purpose of the notice is to provide time for the defendant to investigate and appropriate funds for settlement (MCL 500.3145[1]; MSA 24.13145[1]).

2. INSURANCE — NOTICE — SUBSTANTIAL COMPLIANCE.

Substantial compliance will suffice for giving an insurer written notice of personal injury.

### DISSENT BY BASHARA, J.

3. INSURANCE — No-FAULT INSURANCE — NOTICE — STATUTES.

*Oral notice by an insured to his insurance agent of an injury suffered in an accident is not sufficient to satisfy the statutory requirement that such notice must be in writing in order to toll the one-year limitation of actions against an insurer for recovery of personal protection insurance benefits (MCL 500.3145[1]; MSA 24.13145[1]).*

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C. (by Gregory M. Janks),* for plaintiff.

*Joselyn, Rowe, Jamison & Grinnan, P.C. (by Christopher L. Terry),* for defendant.

Before: V. J. BRENNAN, P.J., and BRONSON and BASHARA, JJ.

V. J. BRENNAN, P.J. Plaintiff commenced this action for personal injury protection benefits under a no-fault insurance contract purchased from defendant. Defendant moved for summary judgment pursuant to GCR 1963, 117.2(3) on the ground that plaintiff had failed to comply with the written notice requirement of MCL 500.3145(1); MSA 24.13145(1). Plaintiff appeals from the trial court's grant of summary judgment in defendant's favor.

On October 22, 1975, plaintiff was involved in a vehicular collision when the truck he was driving rolled over. Plaintiff was insured through a no-fault policy issued by the defendant. Immediately thereafter, plaintiff went to the office of his insurance agent, Donald Sutton, to report the collision. The Sutton Agency was an independent agency through which plaintiff had been buying his automobile insurance from defendant for over the last 20 years.

Based upon the facts of the accident as related by the plaintiff to Sutton, an "Auto Accident Notice" form was completed by the Sutton Agency on the same day and transmitted to the defendant within the week. This form was that which is supplied by the defendant to its agent. The "Auto Accident Notice" clearly set forth the name and address of the plaintiff and the essential facts of the accident. It also clearly revealed that the plaintiff was in the truck when it rolled over. However, the space for listing injured parties and extent of injury was left blank. Sutton's testimony indicates that this was done because plaintiff, although obviously shaken up and bruised, was unsure at that point in time of the extent of his

injury. However, even with this forewarning that plaintiff potentially had been physically injured, the agent did not inform the plaintiff that he should submit written notice within the statutory one-year time limit or forego the personal protection benefits. A few days after the accident, plaintiff began to experience severe back pain. At this point, the material facts become disputed and divergent. According to plaintiff, either he or his wife contacted Sutton on numerous occasions within the year. Plaintiff claims that Sutton misinformed him as to the personal protection benefits of his policy and told him that his recourse would be to sue the other party. Plaintiff also claims that bills were submitted by his physician to Sutton within the prescribed statutory one year but that payment was refused. However, again, Sutton did not advise the plaintiff that this personal injury claim should be given by written notice. Defendant did admit its liability as to the extensive property damage arising from the accident and promptly paid under this portion of the no-fault policy.

Conversely, Sutton contends that he had no knowledge of plaintiff's injury until more than one year after the accident. Sutton also denies ever having received billings for plaintiff's health care within that first year.

Subsequently, defendant denied its liability for personal protection insurance benefits based upon plaintiff's failure to give written notice within one year of the accident. Plaintiff then filed the instant suit. Defendant, in its anser, relied upon § 3145(1) as barring plaintiff's cause of action and eventually sought summary judgment on the same ground.

The issue as framed, argued and decided by the lower court was whether, as a matter of law, oral

notice by a claimant to an agent, even if immediately and consequently embodied into written form by the agent and transmitted to the insurer, is legally insufficient to satisfy the statutory requirement that written notice be given to the insurer by the claimant or by someone in his behalf. In short, the defendant requested that the trial court totally ignore the "Auto Accident Notice" as ineffective to give the requisite written notice, not because it was incomplete as to the personal injury section but, rather, because it was completed by the agent and not by the plaintiff.[1]

We disagree. In our opinion this is an unneces-

---

[1] In the hearing on the motion for summary judgment, the following colloquy took place:

"*Mr. Terry [defendant's attorney]:* I have one little tidbit.

"I'd like to add that I don't believe that counsel understands what position I'm taking. I'm saying that if you assume the truth of what Mr. Walden says, that if [he] walked into the agency and said to the lady, I hurt my back, whether she wrote that down or not, that that is not written notice within the meaning of the statute. I'm saying that if that is what he did, if you assume that he went in there to the agent and said, I hurt my back, but did not make a claim for any expenses, didn't submit any particulars concerning his claim at all and the only contact was this oral contact, the interview with the agent, that we submit that is not written notice sufficient to satisfy the statute as a matter of law.

\* \* \*

"*The Court:* Okay. You stated it very succinctly.

"Anything further?

"*Mr. Janks [plaintiff's attorney]:* I think only briefly, your Honor.

"I don't think the statute says to everybody that is injured that buys a no-fault policy from any insurance company that you have to run in with a piece of paper in your hand in you own writing and give these people written notice. I think it presumes that certainly if there is a claims reporting system, if there are claims agents, you, the insured, have the ability to say this happened. I'm hurt, and they will take the written notice.

\* \* \*

"*The Court:* That is for Summary Judgment, yes.

"Just on that very basis you're restricting the facts, I'm restricting my decision on that, as to whether or not oral notice was good enough and whether or not there is a written notice, and that makes the appeal issue very, very clear.

"*Mr. Janks:* Thank you, your Honor."

sary, overly technical, literal construction and application of the notice provision of § 3145(1). Section 3145(1) provides *inter alia* that:

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury *unless written notice of injury as provided herein has been given to the insurer* within 1 year after the accident * * *. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, *or by someone in his behalf.* The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury." MCL 500.3145(1); MSA 24.13145(1). (Emphasis added.)

This single statutory provision has been construed to be both a notice provision and a limitation of action provision. *Dozier v State Farm Mutual Automobile Ins Co,* 95 Mich App 121, 128; 290 NW2d 408 (1980), *Davis v Farmers Ins Group,* 86 Mich App 45; 272 NW2d 334 (1978), *lv den* 406 Mich 868 (1979). The purpose of the statute of limitation is to compel action within a reasonable time so the opposing party has a fair opportunity to defend, to protect against stale claims, and to protect defendants from protracted fear of litigation. The purpose of the notice provision is to provide time for the defendant to investigate and to appropriate funds for settlement. *Dozier, supra,* 128.

In light of the above objectives, we fail to discern any logical nexus between who literally transcribed the report into written form and the attainment of these objectives. The ultimate goal is that the insurer receives written notice within the

year following the accident. The notice require-
ment is not intended to snare unwary litigants
who have in good faith relied upon their agent. We
detect neither a violation of the letter nor spirit of
the provision by the agent being the "someone is
his [claimant's] behalf" who actually prepares the
written notice based upon the claimant's oral re-
cital of the facts. To rule that, as a matter of law,
the agent is precluded from providing the written
notice on behalf of the claimant to the insurer
creates unnecessary traps and runs counter to the
legislative intent to provide the insured with ade-
quate compensation. *Richards v American Fellow-
ship Mutual Ins Co,* 84 Mich App 629, 634; 270
NW2d 670 (1978), *lv den* 406 Mich 862 (1979).

Alternatively, we are not persuaded that, on this
record, we can conclude that the Accident Notice
was fatally defective to give notice of plaintiff's
personal injury because the particular injury sec-
tion was not completed. In *Dozier, supra,* this
Court found that substantial compliance will
suffice for giving the written notice of personal
injury. In *Dozier,* plaintiff's attorney sent defen-
dant insurer a letter which failed to indicate in
ordinary language the place and nature of plain-
tiff's injury. Nevertheless, this Court found that
the letter gave substantial compliance with the
notice provision. In the instant case, the accident
form was even more complete in that it gave the
name and address of the claimant, the time and
place of the vehicular accident, and specified that
plaintiff rolled over while in his truck. However,
since the trial court did not rest its grant of
summary judgment on the inadequacy of the Auto
Accident Notice, this issue of whether there was
substantial compliance under § 3145(1) should first
be addressed in the lower court.

Further, this record reveals numerous disputed factual issues as to the circumstances surrounding the giving of notice of personal injury. For illustration, the plaintiff contends that he repeatedly notified the agent of his back injury only to be told that his policy did not provide coverage and he should sue the other party. Plaintiff also contends that, within the year, doctor bills were submitted to the agent which arguably could satisfy the written notice of personal injury. The agent denies these allegations. Since the resolution of these controverted facts depends largely upon the credibility of the parties, these issues are more appropriately resolved by the trier of fact than by summary judgment. *Northern Plumbing & Heating, Inc v Henderson Bros, Inc,* 83 Mich App 84; 268 NW2d 296 (1978), *lv den* 405 Mich 845 (1979).

Finally, we note that the motion should have been one for accelerated judgment pursuant to GCR 1963, 116.1(5). However, we find no prejudice to defendant resulting from the incorrectly labeled motion and deny reversal on that basis. *Birch Run Nursery v Jemal,* 52 Mich App 23; 216 NW2d 488 (1974), *modified* 393 Mich 775; 224 NW2d 282 (1974).

Therefore, we conclude that the trial court's grant of summary judgment in favor of defendant should be set aside and plaintiff's cause of action reinstated.

BRONSON, J., concurred.

BASHARA, J. *(dissenting).* I respectfully dissent. In my view, the majority misapprehends the issue involved in this appeal. The question is not whether the "Auto Accident Notice" was ineffective to give written notice because it may have

been completed by the agent and not by the plaintiff. Those were not the facts alleged by either side.

Plaintiff indicated that over the period he was receiving treatment for his injury, he had informed defendant's agent, Mr. Sutton, of his condition on several occasions. He stated that Sutton advised him to see a lawyer as early as three months after the accident. Plaintiff sought the advice of counsel several times during the year. Plaintiff admits, however, that he did not submit written notice of the injury to defendant or its agents.

In a deposition, Mr. Sutton stated that he did not learn plaintiff had been personally injured in the accident until over a year later. He denied having received any medical bills during that year. When he learned of the personal injury claim, it was promptly submitted in writing to defendant. However, liability was denied because no written notice was provided within one year of the accident, as required by MCL 500.3145(1); MSA 24.13145(1). No personal protection insurance benefits were paid.

For the purposes of the summary judgment motion, the trial court assumed that plaintiff had given oral notice of his injuries to Mr. Sutton on the day of the accident. However, the court ruled the notice was not written, thereby rendering it insufficient. Therefore, the real issue is whether oral notice of personal injury is sufficient to override the statutory mandate.

MCL 500.3145(1); MSA 24.13145(1) is controlling. It provides:

"(1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury

unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more that 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

The purpose of the above statute was explicitly stated by this Court in *Davis v Farmers Ins Group,* 86 Mich App 45, 48; 272 NW2d 334 (1978):

"In the case at bar, the language of the statute was intended as a limitation on actions for personal benefits arising under the no-fault act, with a mechanism for extending the one-year period upon filing of notice within the year. There is no requirement that plaintiff file notice in order to be able to take advantage of the full statutory period. That he is entitled to in any case. Notice simply gives him the benefit of an additional year's grace."

Since plaintiff admittedly did not file the present action within one year of the accident, he must show that he filed the requisite notice in order to gain the additional year grace period. Therefore, the issue is whether the oral notice purportedly given to defendant constitutes sufficient compliance with the statute in order to invoke the grace period provision.

In *Keller v Losinski,* 92 Mich App 468; 285 NW2d 334 (1979), the same issue was addressed, although in a different scenario. The essential facts are the same, however; the plaintiff gave oral notice to the insurer but failed to commence suit or submit written notice within one year of the accident. This Court held that the trial court erred in denying the insurer's motion for accelerated judgment, GCR 1963, 116.1:

"League General received no written notice of plaintiff's injury within a year of the accident and though the accident occurred on March 22, 1975, no attempt was made to bring League General into this action until April 20, 1977. Claims based on an obligation of League General to pay personal protection insurance benefits for plaintiff's injury are therefore barred by the time limitations established by the no-fault statute. MCL 500.3145(1); MSA 24.13145(1)." *Id.,* 472.

Based upon *Keller,* I would hold the trial court's conclusion that oral notice is not sufficient to toll the one-year statute of limitations is not clearly erroneous. *Loranger v Citizens Mutual Ins Co,* 100 Mich App 681; 300 NW2d 369 (1980).

I agree with the majority that a motion for accelerated judgment is the proper form. However, I concur in the reasoning of the trial court and would affirm its judgment.