# STATE OF MICHIGAN

# COURT OF APPEALS

DIANNA BROOKS,

        Plaintiff-Appellee,

and

SYNERGY SPINE AND ORTHOPEDIC
SURGERY, L.L.C.,

        Intervening Plaintiff,

v

STARR INDEMNITY & LIABILITY
COMPANY,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant/Third-Party Defendant-
        Appellee,

and

PV HOLDING CORPORATION,

        Defendant/Third-Party Defendant-
        Appellant.

UNPUBLISHED
November 10, 2015

No.  322024
Wayne Circuit Court
LC No. 13-001066-NF

Before:  SAWYER, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

In this no-fault insurance dispute, defendant PV Holding Corporation appeals by leave granted the trial court's order denying its motion for partial summary disposition, and granting summary disposition and awarding judgment in favor of Starr Indemnity & Liability Company (Starr) on its third-party complaint against PV Holding. We affirm the trial court's denial of PV Holding's motion for summary disposition, but vacate the judgment for Starr and remand for further proceedings.

This action arises from an automobile accident that occurred on May 24, 2012. Plaintiff was the front-seat passenger in a 2012 Ford Focus rented by her sister, Oneka Brooks, from Budget Rent A Car System, Inc. (Budget). Plaintiff reported suffering injuries when the Ford Focus was rear-ended in a chain reaction accident. Plaintiff declined to be taken to a hospital by ambulance, but Oneka drove the vehicle to a hospital where the occupants received medical treatment. On the day of the accident, Oneka prepared an accident/incident report form that she submitted in person to Budget employees. This report identified the occupants of the vehicle, listed their addresses, phone numbers, and ages, and described the nature of the injuries sustained. Following the submission of the form and a copy of the police report, Oneka was given a claim number. Oneka averred that based on her communications with Budget employees and the receipt of a claim number, she believed that Budget employees were going to submit the claim to their insurer.

Although Plaintiff owned a Windstar, that vehicle was insured through a policy of insurance issued by defendant Starr to plaintiff's mother, Octavia Brooks. Oneka was insured by a policy of insurance issued by defendant State Farm Mutual Automobile Insurance Company (State Farm). Plaintiff gave notice to Starr of her injuries.

On January 22, 2013, plaintiff filed this action against Starr, seeking payment of personal injury protection (PIP) no-fault benefits. After Starr determined that plaintiff did not reside with Octavia at the time of the accident, it filed a third-party complaint against State Farm, Budget, and "ABC Insurance Company." Starr later amended its third-party complaint to add PV Holding, asserting that it had incorrectly identified PV Holding as Budget.

PV Holding moved for summary disposition, claiming that it did not timely receive notice of the claim, and that the notice submitted by Oneka did not sufficiently advise it of the injuries sustained. The trial court denied PV Holding's motion, concluding that its relationship with Budget gave it the requisite notice. The trial court also held that Starr was entitled to summary disposition on its third-party complaint against PV Holding and awarded Starr a judgment of $27,728.23 against PV Holding. This Court granted PV Holding's application for leave to appeal.

PV Holding first argues that the trial court erred by denying its motion for summary disposition. It contends that it was entitled to summary disposition because plaintiff failed to provide timely written notice of her injury in accordance with MCL 500.3145(1). We conclude that Oneka's notice to Budget was sufficient to satisfy the requirements of MCL 500.3145(1), and that the submitted evidence established a factual issue regarding the existence of an agency relationship between Budget and PV Holding, such that the notice to Budget provided sufficient notice to PV Holding. Accordingly, the trial court did not err in denying PV Holding's motion on this basis.

A trial court's decision on a motion for summary disposition is reviewed de novo. *AFT Mich v State of Michigan*, 497 Mich 197, 208; 866 NW2d 782 (2015). Summary disposition pursuant to MCR 2.116(C)(10) is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Hannay v Dep't of Transp*, 497 Mich 45, 58; 860 NW2d 67 (2014). The interpretation and application of a statute presents a question of law that an appellate court also reviews de novo. *Rambin v Allstate Ins Co*, 495 Mich 316, 325; 852 NW2d 34 (2014); *Tomecek v Bavas*, 482 Mich 484, 490; 759 NW2d 178 (2008).

When the interpretation of a statute is raised, the objective of the judiciary is to discern and give effect to the legislative intent. *Wurtz v Beecher Metro Dist*, 495 Mich 242, 250; 848 NW2d 121 (2014). First, the plain language is examined because it provides the most reliable evidence of legislative intent. *Ter Beek v City of Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014). Judicial construction is not permitted or required if the statutory language is unambiguous. *Id*. "When construing statutory language, [the court] must read the statute as a whole and in its grammatical context, giving each and every word its plain and ordinary meaning unless otherwise defined." *In re Receivership of 11910 South Francis Rd*, 492 Mich 208, 222; 821 NW2d 503 (2012). A dictionary may be consulted when a statutory term is not defined. *Klooster v City of Charlevoix*, 488 Mich 289, 304; 795 NW2d 578 (2011). When a word may be defined in various ways, the given meaning is determined by its context or setting. *Liberty Hill Housing Corp v City of Livonia*, 480 Mich 44, 58 n 14; 746 NW2d 282 (2008). Effect must be given to every word, phrase, and clause in a statute, and the court must render a construction that would not render part of the statute surplusage or nugatory. *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012).

The legislative purpose underlying the no-fault insurance system is to keep "insurance premiums at affordable rates while providing victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 217-218; 815 NW2d 412 (2012). Because the no-fault act is remedial in nature, courts must liberally construe the act's provisions in favor of the persons who are its intended beneficiaries. *Frierson v West American Ins Co*, 261 Mich App 732, 734; 683 NW2d 695 (2004).

MCL 500.3145(1) places limitations on the recovery of PIP benefits, *Joseph*, 491 Mich at 206, and provides:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized

agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

"Notably, MCL 500.3145(1) does not require a claimant to give written notice of injury if an action is commenced within one year of the accident." *Linden v Citizens Ins Co of America*, 308 Mich App 89, 95; 862 NW2d 438 (2014).

As explained in *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 574; 702 NW2d 539 (2005), MCL 500.3145(1) is comprised of two limitations on the time of suit and one restraint on the period of recovery, to wit:

> (1) An action for personal protection insurance [PIP] benefits must be commenced not later than one year after the date of accident, unless the insured gives written notice of injury or the insurer previously paid [PIP] benefits for the injury.

> (2) *If* notice has been given or payment has been made, the action may be commenced at any time within one year after the most recent loss was incurred.

> (3) Recovery is limited to losses incurred during the one year preceding commencement of the action.

> Thus, although a no-fault action to recover PIP benefits may be filed more than one year after the accident and more than one year after a particular loss has been incurred (provided that notice of injury has been given to the insurer or the insurer has previously paid PIP benefits for the injury), § 3145(1) nevertheless limits recovery in that action to those losses incurred within the one year preceding the filing of the action. [Emphasis in original; further citation omitted.]

The dispute surrounding this issue involves whether plaintiff or her representative provided the appropriate statutory notice. Specifically, the parties dispute whether plaintiff complied with the following language of MCL 500.3145(1):

> The notice of injury required by this subsection may be given to the insurer *or any of its authorized agents* by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury. [Emphasis added.]

PV Holding argues that plaintiff may not rely on the accident report that Oneka provided to Budget on plaintiff's behalf because it is not an authorized agent of Budget. The statute does not define the term "authorized." The term "authorize" is defined to mean "to give authority or official power to; empower," or "to give legal authority or formal permission for." *Random House Webster's College Dictionary* (2000), p 91. PV Holding does not argue that the term "authorized agent" refers only to an insurance agent for the insurer. Rather, PV Holding contends that there was no agency relationship between it and Budget such that the accident

report prepared by Oneka and submitted to Budget could constitute notice to PV Holding.  In support of this argument, PV Holding submitted the affidavits of LaTomya Oates, a litigation claims specialist.  Oates averred that employees of Budget are not employees or agents of PV Holding, which is a separate company.

Affidavits, depositions, and documentary evidence submitted in support of, or in opposition to, a motion for summary disposition are considered only to the extent that the content or substance would be admissible as evidence. *Maiden v Rozwood*, 461 Mich 109, 120-121; 597 NW2d 817 (1999).  "The affidavits must be made on the basis of personal knowledge and must set forth with particularity such facts as would be admissible as evidence to establish or deny the grounds stated in the motion." *SSC Assoc Ltd Partnership v Gen Retirement Sys*, 192 Mich App 360, 364; 480 NW2d 275 (1991).  The affidavit must show that the affiant, if sworn as a witness, would testify competently to the facts set forth therein.  MCR 2.119(B)(1)(c).  Mere conclusory allegations that are devoid of detail are insufficient to create a genuine issue of material fact. *Quinto v Cross & Peters Co*, 451 Mich 358, 372; 547 NW2d 314 (1996).

Although Oates's affidavit indicates that Budget and PV Holding are separate companies, it does not delineate that she held personal knowledge of the corporate structure between Budget and PV Holdings, the ramifications of the corporate structures, and the internal policies of the respective corporate subsidiaries regarding insurance claims.  The affidavit merely concludes that there is no agency relationship between the two entities, but fails to delineate how a no-fault specialist has information regarding corporate subsidiary structure and the authority to bind the subsidiary's employees.  Because the affidavit lacks the underlying foundation to show personal knowledge of the corporate structures, it is insufficient to support PV Holding's motion for summary disposition with respect to the notice issue.

Furthermore, the opposing parties submitted documentary evidence that established a question of fact regarding the relationship between Budget and PV Holding.  Plaintiff presented the affidavit of Oneka, who averred that she telephoned Budget to notify it of the accident on the day it occurred.  She also went to Budget to prepare an accident/incident report and to submit the police report.  Upon submission of the form, an employee gave her a claim number and indicated to her that the form would be submitted to insurance.  Indeed, the bottom of the form states: "INSURANCE COPY – (A) 720-479-4034 (B) 407-850-4743."

Additionally, Starr submitted the certificate of insurance acquired by PV Holding.  Although Oates's affidavit stated that PV Holding and Budget were two separate and distinct entities, this document indicated that five entities, all located at the same address, were issued one certificate of self-insurance.  That is, "Avis Budget Group, Inc., P.V. Holding Corp., AESOP Leasing L.P., Avis Rent-A-Car System, LLC and Budget Rent-A-Car System, Inc." were all listed at the same address, "6 Sylvan Way Parsippany, NJ 07054," and all were issued certificate number 652 for coverage effective from "07/01/11 thru 07/01/12" and qualified "as a self-insurer" with the certificate covering "all vehicles owned or registered by the named self-insurer."  Thus, according to this document, for purposes of acquiring insurance in Michigan, PV Holding and Budget, and three other entities, were treated as one entity to the extent that they were issued one certificate of insurance as one self-insurer.  Oates's affidavit does not delineate why the entities, although allegedly separate and distinct, received self-insurance in five different

names for purposes of insurance in Michigan, all at the same business address and on one certificate.

PV Holding argues that Oates's affidavit established that PV Holding had no authority to control Budget employees. However, an agency may be established as apparent, ostensible, or by estoppel. An ostensible agency arises when the principal intentionally or by want of ordinary care, causes a third person to believe an individual is an agent, although there is no employment relationship between the principal and the agent. *Grewe v Mt Clemens Gen Hosp*, 404 Mich 240, 252; 273 NW2d 429 (1978). For an ostensible agency to arise, the individual dealing with the agent must reasonably believe in the agent's authority, the belief must occur because of some act or neglect by the principal, and the person relying on the agent's apparent authority must not be guilty of negligence. *Id*. at 252-253. Agency presents a factual issue for the jury. *Id*. at 253. In her affidavit, Oneka averred that Budget employees represented that her accident/incident report would be submitted to insurance, and the bottom of the form contained fax numbers for submission to insurance. PV Holding failed to present documentary evidence to contradict Oneka's contacts with Budget employees, although any contradiction would present a credibility issue for the jury to resolve. *Brown v Pointer*, 390 Mich 346, 354; 212 NW2d 201 (1973); *Crossley v Allstate Ins Co*, 139 Mich App 464, 468; 362 NW2d 760 (1984).

Accordingly, the trial court did not err in denying PV Holding's motion for summary disposition with respect to the issue of notice.[1]

PV Holding also argues that it was entitled to summary disposition because plaintiff's action was not timely filed, and plaintiff's amended complaint cannot relate back to the filing of the original complaint. We disagree. "Whether the relation-back doctrine is applicable is a question of law that this Court reviews de novo." *Local Emergency Fin Assistance Loan Bd v Blackwell*, 299 Mich App 727, 740-741; 832 NW2d 401 (2013).

MCR 2.118 addresses amendment and supplemental pleadings, and MCR 2.118(D) states in relevant part that "[a]n amendment that adds a claim or defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading." The relation-back doctrine does not apply when a party seeks to amend a pleading to add a completely new and different party. *Miller v Chapman Contracting*, 477 Mich 102, 105-

---

[1] To the extent that PV Holding suggests that plaintiff should have been aware that it, and not Budget, was the owner of the vehicle because the certificate of title plainly demonstrated that it was the title owner, we simply note that there is no evidence that plaintiff or Oneka would have been aware of PV Holding's status as the owner based on the documentation they received. The rental agreement did not identify PV Holding as the owner, but rather identified the vehicle as "Budget Car #58657222 Budget Rent A Car System, Inc." Regardless, PV Holding's ownership of the vehicle would not be dispositive of the notice issue if plaintiff could establish an agency relationship between Budget and PV Holding, and the submitted evidence demonstrated a question of fact on that issue.

107; 730 NW2d 462 (2007). However, a misnomer of a plaintiff or a defendant is amendable unless it is designed to effect an entire change of parties. *Id*.

As indicated, MCL 500.3145(1) places two limitations on the time for filing suit:

(1) An action for personal protection insurance [PIP] benefits must be commenced not later than one year after the date of accident, unless the insured gives written notice of injury or the insurer previously paid [PIP] benefits for the injury.

(2) *If* notice has been given or payment has been made, the action may be commenced at any time within one year after the most recent loss was incurred. . . .

Thus, although a no-fault action to recover PIP benefits may be filed more than one year after the accident and more than one year after a particular loss has been incurred (provided that notice of injury has been given to the insurer or the insurer has previously paid PIP benefits for the injury), § 3145(1) nevertheless limits recovery in that action to those losses incurred within the one year preceding the filing of the action. [*Devillers*, 473 Mich at 574 (emphasis in original; further citation omitted).]

Pursuant to *Devillers*, an action for PIP benefits must be filed no later than one year after the date of the accident, *unless* the insured gives written notice of injury or the insurer previously paid PIP benefits. However, if notice has been given or payment has been made, the action may be commenced within one year after the most recent loss was incurred. *Id*.

PV Holding fails to address our Supreme Court's decision in *Devillers*. It simply asserts that the accident occurred on May 24, 2012, that the second amended complaint was not filed against it until August 28, 2013, which was more than one year after the accident, and contends that the relation-back doctrine does not apply to new parties, thereby barring the litigation against it. However, the facts viewed in a light most favorable to plaintiff supports a finding that notice of the accident was provided through Oneka to Budget, PV Holding's agent, on May 24, 2012. Thus, applying the *Devillers* decision, if notice was given or payment was made, the action could be commenced at any time within one-year of the *most recent loss*. PV Holding does not acknowledge or address the time period of plaintiff's most recent loss. Accordingly, PV Holding failed to demonstrate that the relation-back rule is applicable to this factual scenario and bars the claim against it. Rather, the time frame for filing PIP actions is contingent on the provision of notice, as well as the time frame of the most recent loss if notice is given. Because PV Holding fails to analyze the facts in relationship to the time provisions contained in the statute, it has not demonstrated entitlement to appellate relief with respect to this issue. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 388; 689 NW2d 145 (2004).

PV Holding also argues that the trial court erred in denying PV Holding's motion for summary disposition and granting summary disposition in favor of Starr on the issue of timely notice as it relates to Starr's third-party complaint. We disagree. Whether a claim is barred

pursuant to a statute of limitations is reviewed de novo. *Hoffman v Boonsiri*, 290 Mich App 34, 39; 801 NW2d 385 (2010).

PV Holding relies on *Titan Ins Co v North Pointe Ins Co*, 270 Mich App 339, 345-346; 715 NW2d 324 (2006), in support of its argument that Starr had to provide notice irrespective of any notice filed by plaintiff, and that the filing had to occur within one year of the accident. In *Titan Ins Co*, the plaintiff's subrogor, Robert Wells, was injured when a vehicle driven by Robert Price collided with Wells's motorcycle on April 27, 2002. The plaintiff attempted to contact Price beginning on September 16, 2002, to learn of any no-fault insurance carrier. In October or November 2003, the plaintiff finally learned that the defendant was Price's insurance company; but the defendant claimed that Price never reported the accident and the first evidence of notice came from the plaintiff in November 2003. Although the plaintiff made a demand for payment, the defendant denied the request, claiming that it was barred by the one-year statute of limitations. The plaintiff filed suit on March 1, 2004, and the trial court granted the defendant's motion for summary disposition, concluding that the one-year limitations period in MCL 500.3145(1) barred the plaintiff's claim. This Court held that equitable tolling did not apply to prevent the one-year period from running until the plaintiff learned the identity of the correct insurer. Additionally, this Court held that even if benefits were paid by mistake, its claim was "still one of subrogation and subject to the limitations period in MCL 500.3145." *Id*. at 347.

We conclude that *Titan Ins Co* is factually distinguishable because it did not involve a previously filed action. In *Titan Ins Co*, the accident occurred on April 27, 2002, the notice was provided in October or November 2003, and the action was filed on March 1, 2004. There was no indication that notice was ever provided to the defendant. In the present case, the accident occurred on May 24, 2012, Oneka provided notice to Budget on May 24, 2012, and Budget employees represented that they were submitting her accident/incident report to the insurer. Eight months later, on January 22, 2013, plaintiff filed her complaint against Starr, alleging that she was injured while travelling as a passenger in an automobile that was involved in an accident on May 24, 2012. A claimant need not give written notice of injury if an accident is commenced within one-year of an accident. MCL 500.3145(1); *Linden*, 308 Mich App at 95. In the present case, plaintiff did not have to give notice to Starr because she filed her complaint within a year of the accident.

On August 13, 2013, the parties stipulated to allow plaintiff to file an amended complaint to add State Farm and Budget to the litigation. On August 14, 2013, plaintiff filed a complaint that added State Farm, Budget, and ABC Insurance Company as defendants. On August 20, 2013, Starr filed a third-party complaint against State Farm, Budget, and ABC Insurance Company. On August 28, 2013, plaintiff filed an amended complaint that listed Starr, State Farm, and PV Holding as defendants.

PV Holding contends that Starr never gave any notice of its claim within one-year of the accident, and therefore, its third-party claim for reimbursement is barred. It further contends that Starr cannot rely on the notice of any other claimant. However, these arguments are not supported by the facts in *Titan Ins Co* or the plain language of the statute.

As indicated, MCL 500.3145(1) places limitations on the recovery of PIP benefits. The plain language of MCL 500.3145(1) delineates that an action for PIP benefits may not be

commenced later than one year after the date of the accident causing the injury, *unless* written notice of injury as provided therein has been given to the insurer within one year after the accident, or unless the insurer has previously made a payment of PIP benefits. Here, Oneka provided written notice to Budget, and its employees represented that the accident/incident report was being submitted to insurance. Further, the submitted documentary evidence and representations demonstrate that there is an issue of fact whether Budget and PV Holding are in an agency relationship. Contrary to PV Holding's claim, the plain language of the statute does not require that Starr provide notice separate and distinct from that given by plaintiff to file a third-party complaint.

PV Holding also contends that Oneka could not provide the notice and, in any event, the notice she provided did not advise that it involved a request for PIP benefits. We disagree. MCL 500.3145(1) expressly provides that notice may be given by the claimant "or by someone in his behalf." *Burns v Auto-Owners Ins Co*, 88 Mich App 663, 665; 279 NW2d 43 (1979). Notice periods are different from statutes of limitation because notice periods are designed to allow for time to investigate and allocate funds for settlement, whereas statutes of limitation are designed to prevent stale claims and end the fear of protracted litigation. *Davis v Farmers Ins Group*, 86 Mich App 45, 47; 272 NW2d 334 (1978). A person need not file a notice to take advantage of the limitations period, but rather, the notice serves to extend the period by providing an additional year grace period. *Id*. at 48. The plain language of MCL 500.3145(1) provides that the notice "shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury." The accident form completed by Oneka contained all of the required information. The statute merely requires that the claimant identify the injury to allow the insurer to trigger an investigation. The statute does not state that the claimant must identify any request for PIP benefits. Therefore, the trial court did not err in denying PV Holding's request for summary disposition on this basis.

Lastly, PV Holding argues that the trial court erred in entering a judgment in favor of Starr on its third-party complaint. After plaintiff revealed in her deposition that she did not reside with Octavia at the time of the accident, Starr asserted that PV Holding was primarily responsible for PIP benefits as the owner of the vehicle involved in the accident, and therefore sought reimbursement under the rules of priority. Starr submitted documentary evidence regarding the amounts expended in paying and administering plaintiff's claim.

Plaintiff filed an amended complaint on August 14, 2013, that added State Farm, Budget, and ABC Insurance Company to the litigation. On August 20, 2013, Starr filed its third-party complaint against these same entities. On August 28, 2013, plaintiff filed an amended complaint that listed Starr, State Farm, and PV Holding as defendants. However, MCL 500.3145(1) limits recovery to losses incurred during the one-year period preceding the commencement of the action. *Devillers*, 473 Mich at 574. Although plaintiff filed her action on January 22, 2013, she did not name PV Holding until August 28, 2013. Starr contends that PV Holding's addition to the litigation was merely a misnomer and relates back to the filing of the original complaint. Indeed, the relation-back doctrine does not apply when a party seeks to amend a pleading to add a completely new and different party, but a misnomer of a defendant is amendable unless it is designed to effect an entire change of parties. *Miller*, 477 Mich at 105-107.

-9-

Contrary to Starr's assertion, Budget, PV Holding's alleged agent, was not named in the litigation until August 14, 2013. Therefore, one could argue that PV Holding's addition to the litigation relates back to August 14, 2013, if an agency relationship is established. However, Budget was not named in the original complaint. Accordingly, PV Holding's responsibility would be limited to the one-year period preceding August 14, 2013, and not relate back to the original complaint. Therefore, although the amount of payments made by Starr was established, it is not clear that PV Holding could be held accountable for amounts that exceeded the period set forth in MCL 500.3145(1). Accordingly, the trial court erred in entering a judgment amount. Therefore, we vacate the judgment for Starr and remand for further proceedings.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood