*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ORCHARD LABORATORIES CORPORATION, doing business as ORCHARD TOXICOLOGY,

   Plaintiff-Appellee,

v

AUTO CLUB INSURANCE ASSOCIATION,

   Defendant-Appellant.

UNPUBLISHED
May 26, 2022

No. 356597
Wayne Circuit Court
LC No. 19-015519-NF

Before: GLEICHER, C.J., and K. F. KELLY and PATEL, JJ.

K. F. KELLY, J. (*dissenting*).

  I respectfully dissent from the majority's holding that despite Dorey's failure to provide a written notice of his claim within one year of the accident, the statute of limitations does not bar plaintiff's claim. Because the failure to provide written notice to defendant within one year resulted in expiration of the statute of limitations, see MCL 500.3145(1), I would reverse the order of the trial court denying defendant's motion for summary disposition.

  Under the no-fault act, benefits are payable for, among other things, "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). However, an action for benefits "may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident . . . ." MCL 500.3145(1); see also *Perkovic v Zurich American Ins Co*, 500 Mich 44, 50; 893 NW2d 322 (2017) ("[U]nder MCL 500.3145(1), a claim for PIP benefits must be filed within one year after the accident causing the injury unless either of two exceptions applies: (1) the insurer was properly notified of the injury, or (2) the insurer had previously paid PIP benefits for the same injury."). The written notice required under this section must "give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury." MCL 500.3145(1).

  While this Court has held that oral notice of a claim is not sufficient, see *Keller v Losinski*, 92 Mich App 468, 471-472; 285 NW2d 334 (1979), we have also held that, under certain

circumstances, substantial compliance with the statute is sufficient when the notice is written. See *Walden v Auto Owners Ins Co*, 105 Mich App 528, 534; 307 NW2d 367 (1981). In *Perkovic*, 500 Mich at 54, the Michigan Supreme Court further explained that "[t]he provision does not mandate any particular format for this notice, nor does it require language explicitly indicating a possible claim for benefits."

Thus, while I recognize that the written notice need not be in any particular form and that all of the pertinent information need not be transmitted at the same time, I would conclude that Dorey's description of the nature of his injuries was insufficient to satisfy the statute's requirement that he provide "in ordinary language the . . . nature of his injury." In this case, defendant received oral notification of Dorey's claim from his wife on December 10, 2018, and did not receive written notice of Dorey's claim until it received a medical bill on February 12, 2019. The only written notice defendant received within one year of the accident was the police report from the accident itself. The report includes Dorey's name, the time, and the location of the accident, and describes his injuries as having his foot and leg run over.

In the police report, however, there is of mention of the back injury that Dorey claims he sustained. Nor does the report provide symptoms that would be traceable to the back injury. See *Dillon v State Farm Mut Auto Ins Co*, 501 Mich 915, 915; 902 NW2d 892 (2017) ("A description of symptoms that are traceable to a diagnosed injury is sufficient to constitute such notice."). Thus, because Dorey never provided written notice of a back injury within the statute of limitations, I would reverse the trial court's order denying defendant's motion for summary disposition.

/s/ Kirsten Frank Kelly